IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES HULCE on behalf of himself and others similarly situated | : |
| Plaintiff, | : Case No. |
| v. | : |
| LUSTRE-CAL CORPORATION | : |
| Defendant. | : |

## CLASS ACTION COMPLAINT

Plaintiff James Hucle, by his undersigned counsel, for this class action complaint against Defendant Lustre-Cal Coproation, and their present, former, and future direct and indirect parent companies, subsidiaries, affiliates, agents, and other related entities, alleges as follows:

### Preliminary Statement

1. Plaintiff James Hulce ("Plaintiff" or "Mr. Hulce") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, the Defendant sent unsolicited facsimile advertisements promoting their face shield services to putative class members, including the Plaintiff Mr. Hulce.

3. Because telemarketing campaigns generally make solicitations to hundreds of thousands or even millions of potential customers *en masse*, Mr. Hulce brings this action on

behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff is a natural person residing in this District.

6. Defendant is a California corporation with a registered agent of Joe Hohenrieder at 715 S. Guild Ave., Lodi, CA 95240 and a principal place of business at the same address.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the Defendant transmitted the facsimile advertisements at issue into this District and the Plaintiff's fax machine that received the fact is in this District.

## TCPA Background

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA forbids sending unsolicited advertisements for goods or services via facsimile ("Junk Faxes"). 47 U.S.C. § 227(b)(1)(C).

11. The TCPA provides a private right of action to recipients of Junk Faxes. 47 U.S.C. § 227(b)(3).

## Factual Allegations

12. Defendant's business is selling medical equipment.

13. Defendant's business model includes marketing through facsimile advertisements.

14. Recipients of Defendant's Junk Faxes, including Plaintiff, have never consented to receive them and that have no preexisting business relationship with Defendant.

15. Mr. Hulce is a "person" as defined by 47 U.S.C. § 153(39).

16. Mr. Hulce's facsimile machine is in his individual name.

17. On May 18, 2020, Defendant sent the below fax advertisement:



18. The fax announced the commercial availability of the Defendant's goods.

19. The fax gives several indications that it was sent by Defendant. For example:

   a) It lists a "Lustre-Cal" URL, phone number, fax line and email address.

   b) It has a "Lustre-Cal" logo.

20. The fax advertisement was unsolicited.

21. Plaintiff did not provide permission to Defendant to send him fax advertisements, or faxes at all.

22. Plaintiff has never been a customer of Defendant, nor has he ever been interested in being a customer of Defendant.

23. The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications.

24. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance, and their fax lines were rendered unavailable for lawful communications.

## Class Action Allegations

25. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

26. The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons and entities to whom: (a) Defendant and/or a third party acting on Defendant's behalf sent one or more faxes; (b) advertising Defendant's goods or services (d) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

27. Excluded from the class is Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

28. The class as defined above is identifiable through phone records and phone number databases.

29. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

30. Plaintiff is a member of the class.

31. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Who sent the faxes?

    b. Did Defendant send the faxes to make sales?

    c. Did Defendant have a practice of obtaining consent before sending facsimile advertisements?

    d. Where did Defendant get the list of phone numbers and addressees used for the "mail merge"?

    e. Did the faxes violate the TCPA?

    f. Were Defendant's violations knowing or willful?

    g. Should Defendant be enjoined from sending facsimile advertisements?

32. Plaintiff's claims are typical of the claims of class members.

33. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the

class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

34. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

35. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

37. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violation of the TCPA**

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending unsolicited advertisements for goods and services via facsimile.

40. Plaintiff and members of the class are entitled to an award of $500 in damages for each violation of the statute or up to $1,500 for each willful or knowing violation. 47 U.S.C. § 227(b)(3).

41. Plaintiff and members of the class are also entitled to and do seek an injunction prohibiting Defendant and all other persons who are in active concert or participation with it from sending facsimile advertisements.

### Relief Sought

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Defendant as follows:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that actions complained of herein by Defendant violate the TCPA;

    E.    An order enjoining Defendant and all other persons who are in active concert or participation with it from sending facsimile advertisements;

    F.    An award to Plaintiff and the Class of damages, as allowed by law;

    G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: May 22, 2020

PLAINTIFF,
By his attorneys

*/s/ Avi R. Kaufman*
Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street

Miami, FL 33127
Telephone: (305) 469-5881

Anthony I. Paronich (Bar No. 678437)
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018