# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | | |
|---|---|---|
| JAMES HULCE on behalf of himself and others similarly situated | : | |
| Plaintiff, | : | Case No. 20-cv-775 |
| v. | : | |
| LUSTRE-CAL CORPORATION | : | |
| Defendant. | : | |

**CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO ISSUE SUBPOENA TO ENSURE THAT DOCUMENTS <u>IDENTIFYING PUTATIVE CLASS MEMBERS ARE NOT DESTROYED</u>**

As indicated during the hearing on Lustre-Cal Corporation's ("Defendant") motion to dismiss, putative class actions involving unsolicited facsimile advertisements often turn on the retention practices of the vendors used by defendants to send out the faxes. Counsel for Mr. Hulce ("Plaintiff") and counsel for the Defendant have each sent a document preservation letter to "jBlast", the third party utilized by the Defendant for this campaign. Critically, *neither party has received a response or acknowledgment of receipt* from jBlast. *See* Exhibit 1, Declaration of Anthony Paronich at ¶ 2. As such, the Plaintiff is seeking leave to serve a subpoena on jBlast. A copy of the proposed subpoena is attached as Exhibit 2.

The Plaintiff filed this action on May 22, 2020. *See* ECF No. 1. The Plaintiff's putative class includes consumers that received faxes as far back as May 2016 because TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a). *Id.* ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"). However, not all telecommunications companies, including the companies that are used to engage in facsimile transmissions, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day.

This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification

1

in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Plaintiff were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, putative class plaintiffs in TCPA cases are left to either secure an assurance that all of the records have been retrieved and are maintained or file a motion to ensure that this occurs. *See, e.g., Fitzhenry v. Career Education Corporation, et al.*, United States District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); *Dickson v. Direct Energy, Inc., et. al.,* United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-GJL (Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor).

Alternatively, courts have authorized an early discovery period to address this issue in TCPA cases. *See Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nv., July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v.*

*Interstate National Dealer Services, Inc., et al.*, United States District Court for the Northern District of Georgia, Civil Action No 14-cv-01846, ECF. No. 23 (August 19, 2014).

Faced with a similar circumstance, a court in the Western District of Pennsylvania recently ruled in a TCPA case in response to a defendant's initial request for an extension of time:

> Having considered Defendant's Motion for Extension of Time to respond to the complaint [ECF 10] and Plaintiffs response thereto (ECF [11]), it is ORDERED as follows: (1) Defendant's motion (ECF [10]) is GRANTED; Defendant shall respond to Plaintiff's complaint by 10/15/2020. (2) Plaintiff may immediately commence discovery, including any third-party discovery, related only to obtaining call data and call records that are discoverable in this case. (3) By 9/15/2020, counsel for both parties shall meet and confer to discuss the retention and production of any such records in Defendant's possession, custody, or control. (4) Except as permitted by this Order, no other discovery is authorized until after the initial case management conference, absent leave of court.

*See Abramson v. All American Power and Gas PA, LLC*, Civil Action No. 2:20-cv-1173, ECF No. 14 (W.D. Pa., September 9, 2020).

The Plaintiff believes that a similar approach is warranted here as jBlast has not provided a response to the multiple preservation letters it has received and the Plaintiff requests that he be permitted to issue the subpoena attached as Exhibit 2.

## Civil L. R. 37 Certification

Counsel for the Plaintiff, Anthony Paronich, certifies that he has conferred with counsel for the Defendant, John Ryan, on regarding the Plaintiff's proposed subpoena, including conferences on

June 14, 16, 17 and July 2, 2021. Counsel for the Defendant reviewed the subpoena but did not agree to its issuance.

Respectfully submitted,

  /s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 6, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

  /s/ *Anthony I. Paronich*
Anthony I. Paronich