UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JAMES HULCE on behalf of himself and others similarly situated,

    Plaintiff,

v.

LUSTRE-CAL CORPORATION,

    Defendant.

Case No.: 2020-CV-775

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 7(H) MOTION FOR LEAVE TO ISSUE SUBPOENA**

Plaintiff seeks to issue a subpoena to jBlast, a third party vendor utilized by Lustre-Cal Corporation ("Lustre-Cal") to send out faxes. Lustre-Cal objects to the request for leave to issue a subpoena because (1) Plaintiff does not have standing to bring this action, so he should not be permitted to do discovery; (2) standing should be addressed before Plaintiff can proceed with discovery; and (3) third parties should not have to incur the expense of discovery when the parties to this action are not yet engaged in discovery.

Plaintiff filed this complaint on May 22, 2020. The next month Lustre-Cal sent jBlast a document preservation letter. Thereafter, Lustre-Cal filed a motion to dismiss Plaintiff's Complaint wherein it challenged whether Plaintiff had Article III standing to assert a claim because he received the fax at issue through the internet as opposed to a "telephone facsimile machine." At the hearing on Lustre-Cal's motion to dismiss, the Court questioned whether Plaintiff could establish Article III standing if the Court was bound by the FCC's decisions in *In re Amerifactors Financial Group, LLC Petition for Expedited Declaratory Ruling et al.*, 34 FCC Rcd 11950, 11950, 2019 FCC LEXIS 3608 (F.C.C. December 9, 2019) and *In re Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling*, DA 20-1038, 2020 FCC LEXIS 3385, 2020 WL 5362216 (F.C.C. Sept. 4, 2020).

Now, a year after the complaint was filed and jBlast has received not one but two document preservation letters, Plaintiff argues hypothetically that he must be able to issue a subpoena or else jBlast could destroy data pertinent to his alleged class action lawsuit. Plaintiff's new motion signifies an attempt to circumvent the real issue, which is whether he lacks Article III standing. Plaintiff has no standing to assert a claim as there is no injury in fact because Plaintiff does not have a specific, particularized, concrete harm that the TCPA was meant to remedy. Thus,

Plaintiff's request to issue a subpoena lacks merit because Plaintiff lacks Article III standing to assert a claim.

Plaintiff has an online fax number. Plaintiff's fax number is a Voice over Internet Protocol ("VoIP") with carrier Bandwith.com CLEC, LLC, WI. (ECF No. 15 at ¶2.) Google Voice numbers are nearly impossible to use with traditional fax machines because Google Voice is a VoIP which does not integrate with the fax machine's analog network. (Id. at ¶6, Ex. D.) Plaintiff claims he converted his Google VoIP to a fax by adding an analog telephone adapter device. (ECF No. 18-2.) This evidence shows that Plaintiff does not have a traditional "telephone facsimile machine" because of the modifications made to it.

Since Plaintiff does not have a "telephone facsimile machine," Plaintiff does not—and indeed cannot—establish the requisite injury-in-fact element. Consequently, Plaintiff cannot plausibly allege that he suffered any injury in this case that was caused by Lustre-Cal. Any injury that he allegedly suffered as a result of receiving the emailed fax, no matter how inconsequential, is incapable of being redressed by a favorable decision in this case. The *Amerifactors* and *Ryerson* Rulings support the fact that Plaintiff lacks standing.

As has been discussed in a majority of the pleadings, as well as the supplemental briefing on *Amerifactors* and *Ryerson*, standing is an issue that must be addressed before the case proceeds. *Duneland Dialysis LLC v. Anthem Insurance Co., Inc.*, 2010 WL 1418392, *2 (N.D.Ind. April 6, 2010) ("Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery"). The parties should not have to spend time and resources on a case that is doomed at the outset because Plaintiff lacks standing. *See* Fed. R. Civ. P. 1 (the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding").

1033547\308525843.v1

Moreover, the Court decided that depending on whether the *Amerifactors* and *Ryerson* Rulings are binding on the Court will determine whether limited jurisdictional discovery is ordered regarding Plaintiff's Google VoIP and the modifications made thereto. If Plaintiff has no standing, the case should be disposed with as little time and expense to the parties as possible. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (discovery imposes costs on the litigants and the judicial system, so facial challenges to the legal sufficiency of a claim should be resolved before discovery begins. "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). Therefore, the request to issue the subpoena should be denied.

Third parties should not have to incur the expense of discovery when the parties to this action are not yet engaging in discovery. Counsel for Mr. Hulce and counsel for the Defendant have each sent a document preservation letter to "jBlast". jBlast is on notice that the evidence should be preserved. No more should be required or allowed at this time until the Court makes a determination regarding Plaintiff's standing.

Further, the duty of document preservation for litigation purposes is not unknown to jBlast or its parent company J2 Global Communications, Inc. ("J2 Global") they are experienced litigants especially in cases involving the TCPA. Neither jBlast nor its parent J2 Global can possibly qualify as unsophisticated litigants. J2 Global has been involved in TCPA lawsuits as either a party or subpoena response since at least 2010. Plaintiff's argument that jBlast will simply ignore two separate document preservation letters is without merit.

As a result, Lustre-Cal requests that the Court deny Plaintiff's request to issue a subpoena to jBlast.

1033547\308525843.v1

Dated this 13th day of July, 2021.

*Electronically signed by Alyssa A. Johnson*
Alyssa A. Johnson, State Bar No. 1086085
Attorneys for Defendant Lustre-Cal Corporation
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address(es):
ajohnson@hinshawlaw.com

1033547\308525843.v1