UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES HULCE,

        Plaintiff,

v.

        Case No. 20-cv-775-pp

LUSTRE-CAL CORPORATION,

        Defendant.

---

**ORDER PERMITTING PARTIES TO ENGAGE IN LIMITED DISCOVERY INTO TYPE OF FACSIMILE MACHINE USED BY PLAINTIFF TO RECEIVE FAX ADVERTISEMENT, DEFERRING RULING ON BINDING NATURE OF AMERIFACTORS, RYERSON RULINGS (DKT. NOS. 27, 28) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO ISSUE SUBPOENA (DKT. NO. 29)**

---

On May 20, 2021, the court issued an order deferring ruling on a portion of the defendant's motion to dismiss, denied without prejudice another portion and ordered the parties to file simultaneous briefs on the question of whether two FCC subordinate agency rulings are binding on this court. Dkt. No. 22 at 12. Both parties timely filed their respective briefs and their responses. Dkt. Nos. 27-28, 31-32.

The plaintiff since has filed a Rule 7(h) expedited non-dispositive motion for discovery, seeking leave to issue a subpoena to jBlast, a non-party, to ensure that documents identifying putative class members are not destroyed. Dkt. No. 29. The defendant opposes that motion. Dkt. No. 30.

1

## I. Background and Procedural History

The plaintiff filed his complaint on May 22, 2020, alleging violations of the Telephone Consumer Protection Act. Dkt. No. 1. The plaintiff alleged that the defendant sent a fax advertisement to him and others similarly situated in violation of the TCPA, 47 U.S.C. §227. Id. at ¶¶1-2.

On August 26, 2020, the defendant filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Dkt. No. 12. The defendant argued that the court lacked subject matter jurisdiction because the plaintiff had not suffered a concrete and particularized injury and therefore lacked standing. Id. at 1. It further argued that the plaintiff had failed to state a claim because, among other reasons, he failed to allege that he had received the advertisement on a telephone facsimile machine rather than an online fax service. Central to the defendant's arguments were the language of the plaintiff's complaint—or, more accurately, the language allegedly missing from the plaintiff's complaint—and two declaratory rulings from the Consumer and Governmental Affairs Bureau, a subordinate division of the FCC.

Specifically, the defendant cited the Amerifactors and the Ryerson rulings. In the Matter of Amerifactors Financial Group, LLC Petition for Expedited Declaratory Ruling Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Junk Fax Protection Act of 2005, 34 FCC Rcd 11950, CG Docket Nos. 02-278, 05-338, 2019 WL 6712128, ¶3 (Dec. 9, 2019); In the Matter of Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991, 35 FCC Rcd 9474, CG Docket Nos. 02-278, 05338, 2020 WL 5362216, ¶4, 7 (Sept. 4, 2020). These two rulings essentially stated that faxes sent over the internet did not implicate the TCPA. The defendant asserted that these rulings were applicable, insisting that the plaintiff's fax machine operated over the internet rather than a telephone line. Dkt. No. 13 at 7-9.

The plaintiff responded that the defendant was incorrect in its understanding of the plaintiff's fax machine. Dkt. No. 18. The plaintiff provided further details about its fax machine and asserted that it was a "traditional telephone fax machine." Id. at 2.

In a May 21, 2021 order, the court deferred ruling the motion to dismiss for lack of subject matter jurisdiction and denied the motion to dismiss for failure to state a claim. Dkt. No. 22. The court ordered the plaintiff to amend his complaint and ordered both parties to file briefs on the question of whether the Amerifactors and Ryerson rulings are binding on this court. Id. at 12. At the end of its order, the court ordered that "[o]nce the court has issued a ruling on the binding nature of the Amerifactors and Ryerson rulings, it will determine whether to allow jurisdictional discovery and, if it concludes such discovery is necessary, will set a schedule for conducting such discovery." Id. at 12-13.

The parties have filed their respective briefs and responses.

## II.     Limited Discovery

In the Amerifactors ruling, the Chief of the Consumer and Governmental Affairs Bureau stated,

> [b]y this declaratory ruling, we make clear that an online fax service that effectively receives faxes "sent as email over the Internet" and is not itself "equipment which has the capacity ... to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper" is not a "telephone facsimile machine" and thus falls outside the scope of the statutory prohibition.

Amerifactors, 2019 WL 6712128, ¶3. Ryerson considered whether the Amerifactors ruling extended to "faxes that are initiated in digital form and sent via a web-based fax service." Ryerson, 2020 WL 5362216, ¶¶4, 7. Again, the Chief of the Consumer and Governmental Affairs Bureau authored a decision ruling that the technology in Ryerson was sufficiently similar to the technology in Amerifactors and, as a result, was governed by the Bureau's previous decision in Amerifactors. Id. at ¶11. Thus, according to the Bureau, the technology was not governed by the TCPA. Id.

In stating that it would rule on the binding nature of Amerifactors and Ryerson *before* discovery, this court put the proverbial cart before the horse. There is a factual disagreement over whether the type of fax machine that received the alleged unsolicited advertisement is a conventional facsimile machine which receives faxes over the telephone line and prints them out, or a facsimile machine which receives the fax through what is essentially an email. Amerifactors and Ryerson apply only if the allegedly unsolicited fax was received via internet; it will not be necessary for the court to determine whether

they are binding unless the fax that received the allegedly unsolicited advertisement receives faxes over a telephone line.

Although the defendant previously requested limited discovery into the nature of the facsimile machine in the alternative to its motion to dismiss, the court mistakenly concluded that regardless of the outcome of that discovery, Amerifactors and Ryerson would be dispositive if binding. After reviewing the briefing, the court better understands the nature of the dispute and concludes that the parties should conduct limited discovery before the court passes on the binding nature of Amerifactors and Ryerson. The limited discovery into the type of fax machine and the manner in which the unsolicited fax was received should demonstrate one of two things: either the fax was received on a telephone fax machine—meaning the Amerifactors and Ryerson rulings do *not* apply—or it was received in a manner similar to an email—in which the Amerifactors and Ryerson rulings *could* be relevant, if final and binding.

The court will allow the parties to conduct limited discovery into the type of facsimile machine that received the allegedly unsolicited advertisement.

### III. Subpoena to jBlast

The plaintiff seeks to subpoena non-party jBlast, a third party used by the defendant to aid in distributing the relevant advertisement. Dkt. No. 29 at 2. The plaintiff argues that both his own counsel and counsel for the defendant previously sent jBlast a document preservation letter but have not received any response. Id. The plaintiff seeks to subpoena jBlast in order to preserve documents identifying putative class members. Id. at 1.

5

Case 2:20-cv-00775-PP   Filed 03/30/22   Page 5 of 8   Document 36

The plaintiff argues that the documents are critical, because the putative class "includes consumers that received faxes as far back as May 2016 because TCPA claims are governed by the four-year federal statute of limitations in 28 U.S.C. §1658(a)." Id. at 2. He asserts that telecommunications companies do not necessarily keep records of telephone activities for four years. Id. He expresses concern over the possible destruction of evidence without immediate gathering of records. Id. He cites several unpublished orders from TCPA cases that were disrupted by a lack of available records.[1] Id. at 2-3. He also cites to strategies employed by other courts to avoid this potential problem. Id. at 3-4.

The proposed subpoena—attached to the plaintiff's motion—states,

> "Production: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or object, and to permit inspection, copying, testing, or sampling of the material: (1) Transmission logs of outbound faxes sent by Lustre-Cal Corporation from May 22, 2016 forward. (2) A copy of an exemplar fax from each fax campaign sent by Lustre Cal Corporation from May 22, 2016 forward."

Dkt. No. 29-2 at 1.

The defendant objects to the plaintiff's request,

> because (1) Plaintiff does not have standing to bring this action, so he should not be permitted to do discovery; (2) standing should be addressed before Plaintiff can proceed with discovery; and (3) third parties should not have to incur the expenses of discovery when the parties to this action are not yet engaged in discovery.

---

[1] The plaintiff did not comply with the requirements of Civil Local Rule 7(j)(2) (E.D. Wis.), under which a party citing "an unreported opinion, decision, order, judgment or other written disposition . . . must file and serve a copy of that opinion, decision, order, judgment, or other written disposition."

Dkt. No. 30 at 2. The defendant then reiterates its prior arguments that the plaintiff does not have Article III standing due to the Amerifactors and Ryerson rulings and the type of machine that the defendant asserts received the advertisement. Id. at 2-4. The defendant also asserts that jBlast has notice—through both parties' letters—that the evidence should be preserved. Id. at 4. It argues that nothing more should be required until the court has decided the plaintiff's standing.

The court will deny the plaintiff's request. While the title of the plaintiff's motion indicates that he seeks to preserve documents, the subpoena itself asks for more. The subpoena indicates that the plaintiff is asking jBlast to produce the identified documents on a specific time and date. It is not necessary for jBlast to *produce* the documents to ensure that it *preserves* them. Requesting *production* is requesting discovery. While the burden of preserving the documents presumably would be minimal and the harm to the putative class possibly substantial substantial if jBlast does not preserve them, requiring jBlast to *produce* the documents would be more costly and cumbersome to a third party, especially before it is clear that the subpoenaing party has standing.

The court will deny without prejudice the plaintiff's motion for leave to subpoena a third party to ensure that documents identifying putative class members are not destroyed.

7

### IV. Conclusion

The court **ORDERS** that the parties may engage in limited discovery into the nature and function of the plaintiff's fax machine. The court **ORDERS** that the parties must complete this limited discovery and submit a status report to the court by the end of the day on **June 24, 2022**. The parties may not conduct discovery into any other issues at this time.

The court **DEFERS** ruling on the binding nature of the Amerifactors and Ryerson Rulings. Dkt. Nos. 27-28.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to issue a subpoena to ensure that documents identifying putative class members are not destroyed. Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 30th day of March, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**