UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JAMES HULCE on behalf of himself and others
similarly situated,

        Plaintiff,                                   Case No.:  2020-CV-775

v.

LUSTRE-CAL CORPORATION,

        Defendant.

## JOINT STATUS REPORT REGARDING DISCOVERY INTO THE NATURE AND FUNCTION OF PLAINTIFF'S FAX MACHINE

Plaintiff James Hulce ("Plaintiff") and Defendant Lustre-Cal Corporation ("Defendant") (collectively the "Parties"), through their undersigned counsel, respectfully submit this Joint Status Report regarding discovery into nature and function Plaintiff's fax machine pursuant to the Court's March 30, 2022 order (ECF No. 36).

1.      On August 24, 2020, Defendant moved to dismiss Plaintiff's Class Action Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure in part based on the Federal Communications Commissions' rulings in *In the Matter of Amerifactors Financial Group, LLC Petition for Expedited Declaratory Ruling Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Junk Fax Protection Act of 2005*, 34 FCC Rcd 11950, CG Docket Nos. 02-278, 05-338, 2019 WL 6712128 (Dec. 9, 2019) and *In the Matter of Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 35 FCC Rcd 9474, CG Docket Nos. 02-278, 05338, 2020 WL 5362216 (Sept. 4, 2020).  ECF No. 12.

1033547\310996262.v1

2.      On May 20, 2021, the Court issued an order in which it deferred ruling on

Defendant's motion to dismiss under Rule 12(b)(1) until it could determine the applicability of

*Amerifactors* and *Ryerson* to this case.  ECF No. 22.  It then ordered the Parties to file supplemental

briefs on whether *Amerifactors* and *Ryerson* apply to this case and/or whether they are binding on

the Court.  *Id*.  The parties did so.  On March 30, 2022, the Court issued an order in which it noted

it was still deferring ruling on the applicability of *Amerifactors* and *Ryerson* to this case.  ECF No.

36.  It also ordered the Parties to conduct discovery into the "nature and function" of Plaintiff's

fax machine to aid the Court into whether *Amerifactors* and *Ryerson* apply to this case.  *Id*.  In

particular, the Court stated as follows:

> The limited discovery into the type of fax machine and the manner in which the
> unsolicited fax was received should demonstrate one of two things: either the fax
> was received on a telephone fax machine—meaning the Amerifactors and Ryerson
> rulings do not apply—or it was received in a manner similar to an email—in which
> the Amerifactors and Ryerson rulings could be relevant, if final and binding.  *Id*. at
> 5.

3.      The Court gave the parties until June 24, 2022 to complete discovery into the

"nature and function" of Plaintiff's fax machine.  ECF No. 36 at 8.

4.      On April 28, 2022, Defendant issued interrogatories, requests for production, and

requests for inspection on Plaintiff.  Defendant limited these requests into issues surrounding the

"nature and function" of Plaintiff's fax machine pursuant to the Court's March 30, 2022 order.

5.      On April 28, 2022, Defendant also issued a notice of deposition scheduling

Plaintiff's  deposition for June 9, 2022.

6.      On May 13, 2022, Plaintiff served objections and responses to Defendant's

discovery requests.  Plaintiff did not produce materials or documents with his objections and

responses but indicated he would do so upon entry of a protective order.

7.      The Parties then conferred about a protective order, agreed upon entry of one,

1033547\310996262.v1

agreed upon the language of such protective order, and filed a motion for entry of such protective order on June 15, 2022. The Court granted the parties motion on June 16, 2022 and entered the protective order they submitted that same day.

8.      On June 17, 2022, Plaintiff electronically provided his document production.

9.      On May 13, 2022, Plaintiff's counsel advised that June 9, 2022 would not work for Plaintiff's deposition. Plaintiff's counsel and Defendant's counsel then conferred about alternative dates. July 7, 2022 was the earliest date that would work for Plaintiff, Plaintiff's counsel, and Defendant's counsel. The Parties then rescheduled Plaintiff's deposition for July 7, 2022 and it is set to proceed that day via Zoom.

10.      The parties recognize that July 7, 2022 is thirteen days after the Court's June 24, 2022 deadline to complete discovery into the nature and function of Plaintiff's fax machine. The Parties, to the extent needed, therefore respectfully request that the Court extend the deadline for parties to complete discovery into Plaintiff's fax machine until July 8, 2022, so they can complete Plaintiff's deposition via Zoom on July 7, 2022. The setting of Plaintiff's deposition for July 7, 2022 was not the result of any delay by either party. In fact, both Parties have diligently worked to complete discovery into the nature and function of Plaintiff's fax machine but need a short extension of time to complete Plaintiff's deposition.

Respectfully submitted,
PARONICH LAW, P.C.

/s/ Anthony Paronich
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 617-485-0018
anthony@paronichlaw.com
Counsel for Plaintiff

Respectfully submitted,
HINSHAW & CULBERTSON LLP

/s/ Joseph D. Kern
John P. Ryan
Joseph D. Kern
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
jryan@hinshawlaw.com
jkern@hinshawlaw.com
Counsel for Defendant

3

1033547\310996262.v1

## CERTIFICATE OF SERVICE

I, Joseph D. Kern, an attorney, certify that on June 21, 2022, I caused to be served a copy of the foregoing on the below individuals by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

- ☒ ECF
- ☐ Facsimile
- ☐ UPS
- ☐ U.S. Mail
- ☐ E-Mail
- ☐ Messenger Delivery

To: Anthony I. Paronich
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127

/s/ Joseph D. Kern
Joseph D. Kern

1033547\310996262.v1