IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| JAMES HULCE on behalf of himself and others similarly situated | : : : | |
| Plaintiff, | : : | Case No. 20-cv-775 |
| v. | : : : : | |
| LUSTRE-CAL CORPORATION | : : : | |
| Defendant. | : : / | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF

This case is now more than two years old, and the discovery that has been completed has now definitively confirmed the facts are as the Plaintiff alleged in the complaint and subsequently included in an affidavit submitted to this Court. Specifically, Plaintiff received the fax at issue on a traditional fax machine connected to a telephone wire and not an online fax service. Plaintiff therefore is entitled to pursue his TCPA claim.

The Defendant's argument has relied on the FCC's ruling in *In re Amerifactors Financial Group, LLC Petition for Expedited Declaratory Ruling et al.*, 34 FCC Rcd 11950, 11950, 2019 FCC LEXIS 3608 (F.C.C. December 9, 2019), which was clearly limited to faxes received using online fax services: "Our clarification is limited to an analysis of online fax services, as informed by the current record, and does not prejudge whether we would arrive at the same conclusion for other types of equipment and services." *Id.* Through his affidavit, pleadings and discovery, the Plaintiff has clearly demonstrated that he did not receive this facsimile through an online fax service, he received them using a traditional fax machine connected to a telephone wire.

The Plaintiff's prior affidavit states:

- Plaintiff's fax number is 262-293-6698.
- He received the facsimile advertisement referenced in the complaint through a traditional telephone fax machine.
- Traditional telephone fax machines can be connected to Google Voice, or any other telephone service provider, using VoIP technology through the use of an analog telephone adapter device.
- He is using such a device, which saves money on his monthly telephone bill.
- Because the fax was received on a telephone fax machine, he incurred the loss of paper and ink toner.

*See* ECF No. 18-2. The affidavit also includes a picture of the telephone fax machine, which is below:



*Id.* These allegations and photo were later included in an Amended Complaint. *See* ECF No. 23.

Indeed, the Plaintiff's Amended Complaint pleads more specifics as to why the fax machine at issues was a traditional fax machine, which were confirmed in the Plaintiff's discovery responses and aren't reasonably in dispute:

- The fax machine that received the fax advertisement receives faxes on a telephone line, which is the black cable in the lower left of the picture is the telephone line that is connected to the fax machine. *See* ECF No. 23 at ¶ 24.

- In receiving the Defendant's fax, the Plaintiff's fax machine transcribed the text and images from an electronic signal received over the telephone line onto paper. *Id.* at ¶ 25.
- In fact, receiving the fax on a telephone line and fax machine required the Plaintiff to incur the loss of ink toner and paper necessary to print the fax. *Id.* at ¶ 26.
- Plaintiff did not receive Defendant's fax in a manner that allowed the Plaintiff to review, block, or delete it without printing. *Id.* at ¶ 27.
- Receipt and the printing of the fax also caused wear and tear on the Plaintiff's fax machine. *Id.* at ¶ 28.
- The fax occupied Plaintiff's phone line and fax machine, making it unavailable for legitimate communications. *Id.* at ¶ 29.
- The Plaintiff's VoIP service and telephone line has only one call path. *Id.* at ¶ 30.
- That means that if the line is occupied by an unwanted communication, such as the Defendant's fax, any other communications cannot be handled simultaneously. *Id.* at ¶ 31.
- Instead, the caller would receive a message that the subscriber is currently unavailable. *Id.* at ¶ 32.
- The Plaintiff did not use an online fax or other cloud-based service to receive the Defendant's fax. *Id.* at ¶ 33.
- Plaintiff did not receive Defendant's fax as an email or attachment to an email sent over the internet. *Id.* at ¶ 34.

To test the Plaintiff's representations, the Defendant took the Plaintiff's deposition, which ultimately confirmed that the Plaintiff received Defendant's fax on a traditional fax machine:

- The fax was received on a telephone line devoted to a Google Voice *phone service.* See <u>Exhibit 1,</u> Deposition of James Hulce at 7:12-14.
- That phone service was set up for the purposes of setting up and receiving fax communications by registering a new phone number. *Id.* at 8:1-4.
- This phone number acts act as a landline telephone service when paired with an analog telephone adapter as the Plaintiff is using here. *Id.* at 9:16-17.
- The Plaintiff has a dedicated call path *with a phone line* for his fax machine. *Id.* at 13:7-9.
- The Plaintiff's OBi device has been delivers *telephone* service to his fax machine. *Id.* at 23:22-24.
- The Plaintiff explained in detail how the fax number is a traditional telephone line: "From the prospective of any telephone apparatus that I have that I would interact with my analog telephone adapter, it is exactly the same as any traditional telephone service. It still uses the same analog signals, the same connectors, the same wiring. From the perspective of my fax machine or the telephones that I have connected to

3

the other line, it does not matter where the service comes from. It's the same." *Id.* at 14-5:21-5.

For purposes of the TCPA, there is only one conclusion from Plaintiff's allegations, averments, and testimony—Plaintiff received Defendant's unsolicited fax advertisement on a "telephone facsimile machine." See 47 U.S.C. 447(a)(3) ("The term 'telephone facsimile machine' means equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper."). Plaintiff's Lexmark fax machine is not an online fax service, and there was no online fax service otherwise involved in Plaintiff's receipt of Defendant's unsolicited fax advertisement.

By receiving the fax to his Lexmark fax machine, he suffered the precise harms that Congress aimed to prevent in enacting the TCPA's junk fax prohibition—the use of his physical resources, including toner and paper, and the occupation of his fax machine's telephone line. *See, e.g., Amerifactors*, 34 FCC Rcd 11950, 11953 ("The House Report on the TCPA makes clear that the facsimile provisions of the statute were intended to curb two specific harms: 'First, [a fax advertisement] shifts some of the costs of advertising from the sender to the recipient. Second, it occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax.'").

Plaintiff therefore has standing and this case should finally proceed to class discovery.

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich (Bar No. 678437)
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I electronically filed the foregoing, which provided a copy to all counsel of record through the Court's CM/ECF system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich