UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JAMES HULCE on behalf of himself and others similarly situated,

    Plaintiff,

v.

LUSTRE-CAL CORPORATION,

    Defendant.

Case No.: 2020-CV-775

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING THE NATURE AND FUNCTION OF PLAINTIFF'S FAX SYSTEM**

## INTRODUCTION

Faxes sent digitally over the internet are not subject to the Telephone Consumer Protection Act (the "TCPA") because they do not use a "regular telephone line," which the TCPA requires. Plaintiff now admits the fax at issue was transmitted digitally over the internet and arrived at his home digitally over the internet. *See* Plf.'s Dep. Trans., a copy of which is attached hereto as **Exhibit A**, at 9, 10, 11, 13-14, 16, 24-25 39, 41, and 102-103. The internet is not a "regular telephone line"—and Plaintiff did not have an active, operable "regular telephone line" at the time he alleges he received the fax at issue. *Id*. Plaintiff testified that he disconnected his telephone service from the local telephone company years before he alleges he received the fax at issue. *Id*. Rather than use a "regular telephone line," Plaintiff used a service known Google Voice. *Id*. Plaintiff admits the fax number at which he alleges he received the fax at issue on is a Google Voice number. *Id*. Google Voice utilizes technology that transmits data digitally over the internet—not "over a regular telephone line." *Id*. Plaintiff also admits that he cannot receive faxes

without an active, working internet connection. *Id*. All of this confirms Plaintiff's fax system at issue is not subject to the TCPA.

## PROCEDURAL BACKGROUND AND PLAINTIFF'S DEPOSITION

On August 24, 2020, Defendant moved to dismiss Plaintiff's Class Action Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure in part based on the Federal Communications Commissions' rulings in *In the Matter of Amerifactors Financial Group, LLC*, 34 FCC Rcd 11950 (Dec. 2019) and *In the Matter of Joseph T. Ryerson & Son, Inc.*, 35 FCC Rcd 9474 (Sept. 2020). ECF No. 12.

On May 20, 2021, the Court issued an order that deferred ruling on Defendant's motion to dismiss under Rule 12(b)(1) until it could determine the applicability of *Amerifactors* and *Ryerson* to this case. ECF No. 22. It then ordered the Parties to file supplemental briefs on whether *Amerifactors* and *Ryerson* apply to this case and/or whether they are binding on the Court. *Id*. The Parties did so. On March 30, 2022, the Court issued an order stating that it was still deferring ruling on the applicability of *Amerifactors* and *Ryerson* to this case. ECF No. 36. It then ordered the Parties to conduct discovery into the "nature and function" of Plaintiff's fax system to aid the Court into whether *Amerifactors* and *Ryerson* apply to this case. *Id*.

The parties conducted such discovery, which included Plaintiff providing deposition testimony. In relevant part, Plaintiff testified as follows:

> Q. Would you agree that because Google Voice is using the Internet or a broadband type of connection that it is using or transmitting data digitally?
> A. Yes, I agree that it is transmitting a digitalized version of the data. Ex. A at 16.

> Q. Okay. So in this particular circumstance, would you agree -- or with respect to your Google Voice account, would you agree that Google Voice is transmitting data digitally to your home?
> A. Yes. *Id*. at 16.

Q. In other words, if the Internet's down, you're not getting any calls over Google Voice, you're not getting any faxes through Google Voice through the OBi to the Lexmark, correct?
A. That is correct. *Id*. at 41.

Q. And it's your understanding that the data transmitted over the Internet by virtue of the Google Voice account is transmitted in digital format over the Internet, correct?
A. Yes, that is correct. *Id*. at 103.

Q. No external telephone lines are being used, correct?
A. That is correct. *Id*. at 39.

Q. No third-party telephone service is involved in that process; is that correct?
A. That is correct. *Id*. at 39.

## **ARGUMENT**

*Amerifactors* and *Ryerson* held that faxes sent digitally over the internet are not subject to the TCPA. *Amerifactors,* 34 FCC Rcd 11950 at ¶¶1-16; 35 FCC Rcd 9474 at ¶¶1-16. *Amerifactors* and *Reyerson* also held that fax systems that receive faxes digitally do not qualify as "telephone facsimile machines" as defined by the TCPA. *Id*. The reasoning in *Amerifcators* and *Ryerson* is sound. The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C); *Amerifactors*, 34 FCC Rcd 11950 at ¶10 ("the TCPA's language demonstrates that Congress did not intend the statute's prohibition to apply to faxes sent to equipment other than a telephone facsimile machine"). The TCPA then defines "telephone facsimile machine" as "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received **over a regular telephone line** onto paper." 47 U.S.C. § 227(a)(3) (emphasis added). Faxes sent and/or received digitally over the internet are not sent and/or received "**over a regular telephone line**." *Ryerson*, ¶16 (holding that the fax at issue was not subject to the TCPA because the "document in question was not initially sent as a fax" but as "a digital electronic file").

The internet **is not** a "regular telephone line." As a result, fax systems that send and/or receive faxes digitally over the internet rather than a "regular telephone line" do not fall within scope of the TCPA.

Here, Plaintiff alleges Defendant sent him an unsolicited faxed advertisement on May 18, 2020 at (262) 293-6698 (i.e., his alleged fax number). But Plaintiff testified that such number is a Google Voice number and has been since March 23, 2017—more than three years before Plaintiff alleges he received the fax at issue. Ex. A at 7, 10-11. In other words, Google Voice is the "service provider associated with" Plaintiff's fax number at issue. *Id*.

Google Voice uses "Voice over Internet Protocol" technology to transmit data in digital format over the internet and transmits data digitally over the internet. Ex. A at 9, 16. Voice over Internet Protocol "refers to the technologic means of sending and receiving voice band telephone data over an Internet connection." *Id*. at 11. To work (i.e., transmit data or make calls), Google Voice requires an internet connection. *Id*. at 10. Put differently, Google Voice does not work without an active, working internet connection. *Id*.

Plaintiff did not have an active, operable "regular telephone line" in service when he alleges he received the fax at issue on May 18, 2020. Ex. A. at 13-14, 24-25, 39. In fact, Plaintiff admitted he and his family disconnected their "regular" telephone service years before Plaintiff alleges he received the fax at issue on May 18, 2020. *Id*. As a result, at the time Plaintiff alleges he received the fax at issue, he only utilized the above mentioned Google Voice number with his fax system— a service which does not use a "regular telephone line" but instead uses Voice over Internet Protocol technology and transmitts data digitally over the internet. *Id*. 13-14, 24, 39.

4

Case 2:20-cv-00775-PP   Filed 09/30/22   Page 4 of 7   Document 45

Plaintiff admitted he could not receive any faxes—including the fax at issue—unless his internet was working. Ex. A at 40-41. He also admitted Google Voice transmitted the data at issue (i.e., the fax) "digitally" over the internet. *Id*. at 16. Plaintiff further testified as follows:

> Q. Would you agree that because Google Voice is using the Internet or a broadband type of connection that it is using or transmitting data digitally?
> A. Yes, I agree that it is transmitting a digitalized version of the data. *Id*. at 16.
>
> Q. Okay. So in this particular circumstance, would you agree -- or with respect to your Google Voice account, would you agree that Google Voice is transmitting data digitally to your home?
> A. Yes. *Id*. at 16.
>
> Q. No external telephone lines are being used, correct?
> A. That is correct. *Id*. at 39.
>
> Q. No third-party telephone service is involved in that process; is that correct?
> A. That is correct. *Id*. at 39.
>
> Q. In other words, if the Internet's down, you're not getting any calls over Google Voice, you're not getting any faxes through Google Voice through the OBi to the Lexmark, correct?
> A. That is correct. *Id*. at 41.
>
> Q. And it's your understanding that the data transmitted over the Internet by virtue of the Google Voice account is transmitted in digital format over the Internet, correct?
> A. Yes, that is correct. *Id*. at 103.
>
> Q. If there's an issue with the router in your house, you don't receive faxes or calls through your Google Voice account for the 6698 number, correct?
> A. Yes, that is correct. *Id*. at 102-103.

Plaintiff's above admissions and testimony confirm his fax system did not use a "regular telephone line," and the fax was transmitted and received digitally over the internet. As a result, Plaintiff's fax system is not subject to the TCPA and he lacks standing to bring the claims he now purports to bring. The Court should therefore grant Defendant's pending motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Joseph D. Kern*
David M. Schultz
John P. Ryan
Joseph D. Kern
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
dschultz@hinshawlaw.com
jryan@hinshawlaw.com
jkern@hinshawlaw.com

1033547\311684183.v1

# CERTIFICATE OF SERVICE

      I, Joseph D. Kern, an attorney, certify that on September 30, 2022, I caused to be served a copy of the foregoing on the below individuals by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

☒ ECF
☐ Facsimile
☐ UPS
☐ U.S. Mail
☐ E-Mail
☐ Messenger Delivery

To:   Anthony I. Paronich
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127

*/s/ Joseph D. Kern*
Joseph D. Kern

1033547\311684183.v1