UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JAMES HULCE on behalf of himself and others
similarly situated,

      Plaintiff,                                     Case No.: 2020-CV-775

v.

LUSTRE-CAL CORPORATION,

      Defendant.

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Lustre-Cal Corporation ("Defendant"), through its undersigned counsel, provides notice of *True Health Chiropractic, Inc. v. McKesson Corp.*, 2023 U.S. App. LEXIS 28346 (9th Cir. Oct. 25, 2023), as supplemental authority in further support of its pending motion to dismiss Plaintiff James Hulce's Class Action Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 12); its brief regarding whether *Amerifactors* and *Ryerson* are binding on this Court (ECF No. 27); its response brief regarding whether *Amerifactors* and *Ryerson* are binding on this Court (ECF No. 31); and its supplemental brief regarding the nature and function of Plaintiff's fax system (ECF No. 45).[1]

*True Health Chiropractic, Inc.* held and/or explained as follows:

> The court correctly found that it was bound by the Federal Communication Commission's *Amerifactors* declaratory ruling, which determined that the TCPA does not apply to faxes received through an online fax service. *See In re Amerifactors Fin. Grp., LLC Pet. for Expedited Declaratory Ruling*, 34 FCC Rcd. 11950,

---

[1] Defendant cited the district court's ruling in *True Health Chiropractic, Inc.* in ECF Nos. 27 and 31. It therefore wanted to file this supplemental notice to alert the Court of the Ninth Circuit's recent ruling in that matter.

11950-51 (2019). Under the Hobbs Act, federal courts of appeals have "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all final orders of the Federal Communication Commission made reviewable" by 47 U.S.C. § 402(a). 28 U.S.C. § 2342(1). Section 402(a) encompasses "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under [the Communications Act of 1934, as amended by the Telecommunications Act of 1996]," except in limited circumstances not relevant here.

Plaintiffs argue that *Amerifactors* is neither an order of the Commission, nor final. We disagree.

First, it does not matter that *Amerifactors* was issued by the Commission's Consumer and Governmental Affairs Bureau, rather than the full Commission. Congress authorized the Commission to "delegate any of its functions." 47 U.S.C. § 155(c)(1). Pursuant to this authorization, the Commission has delegated to the Bureau the authority to issue declaratory rulings in "matters pertaining to consumers and governmental affairs." 47 C.F.R. § 0.141; *see also id*. §§ 0.204, 0.361, 1.2. Orders issued on delegated authority "have the same force and effect" as orders of the full Commission. 47 U.S.C. § 155(c)(3). *Amerifactors* is one such order. See 34 FCC Rcd. at 11954.

Second, *Amerifactors* is a "final order" under the Hobbs Act. Orders of the Commission are final for the purposes of the Hobbs Act "if they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." *US W. Commc'ns Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000) (quoting *Sierra Club v. U.S. Nuclear Regul. Comm'n*, 862 F.2d 222, 225 (9th Cir. 1988)). *Amerifactors* is a product of the Commission's administrative process. The Commission, through the Bureau, received a petition for a declaratory ruling, sought public comment, and issued *Amerifactors* through its general rulemaking authority to carry out the TCPA. *See* 34 FCC Rcd. at 11950-51, 11954. And the ruling fixes a legal relationship by clarifying that an online fax service is not a "telephone facsimile machine" and "thus falls outside the scope of the [TCPA's] statutory prohibition." *Id*. at 11951. Thus, *Amerifactors* is final for purposes of the Hobbs Act.

As a final order of the Commission made reviewable by Section 402(a), *Amerifactors* is subject to judicial review as provided by the Hobbs Act. That is, it is reviewable only by the federal courts of appeals. Further, *Amerifactors* applies retroactively to the faxes at issue here. *See Reyes v. Garland*, 11 F.4th 985, 991 (9th Cir. 2021)

(explaining that "when an agency's adjudicatory decisions apply preexisting rules to new factual circumstances," its "determinations apply retroactively"); *see also* 5 U.S.C. § 554(e) (characterizing declaratory rulings as adjudications); 47 C.F.R. § 1.2(a). As a result, *Amerifactors* is binding on the district court. *See Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 400 (9th Cir. 1996).

The district court was bound by *Amerifactors* to grant summary judgment to McKesson on any class claims for faxes received through an online fax service. *Amerifactors* makes clear that the TCPA does not apply to such faxes. 34 FCC Rcd. at 11950-51.

2023 U.S. App. LEXIS 28346 at 4-7. A copy of *True Health Chiropractic, Inc.* is attached as hereto as Exhibit A.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        */s/ Joseph D. Kern*
        David M. Schultz
        John P. Ryan
        Joseph D. Kern
        Hinshaw & Culbertson LLP
        151 N. Franklin Street, Suite 2500
        Chicago, IL 60606
        Telephone: 312-704-3000
        dschultz@hinshawlaw.com
        jryan@hinshawlaw.com
        jkern@hinshawlaw.com

# CERTIFICATE OF SERVICE

I, Joseph D. Kern, an attorney, certify that on November 15, 2023, I caused to be served a copy of the foregoing on the below individuals by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

- ☒ ECF
- ☐ Facsimile
- ☐ UPS
- ☐ U.S. Mail
- ☐ E-Mail
- ☐ Messenger Delivery

To: Anthony I. Paronich
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127

*/s/ Joseph D. Kern*
Joseph D. Kern