No *Shepard's* Signal™
As of: October 27, 2023 3:44 PM Z

# *True Health Chiropractic v. McKesson Corp.*

United States Court of Appeals for the Ninth Circuit

October 25, 2023, Filed

No. 22-15710 No. 22-15732

**Reporter**
2023 U.S. App. LEXIS 28346 *

TRUE HEALTH CHIROPRACTIC, INC.; MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as representatives of a class of similarly situated persons, Plaintiffs-Appellees, v. **MCKESSON** CORPORATION; **MCKESSON** TECHNOLOGIES, INC., Defendants-Appellants. TRUE HEALTH CHIROPRACTIC, INC., Plaintiff, and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as representatives of a class of similarly situated persons, Plaintiff-Appellant, v. * except as provided by Ninth Circuit Rule 36-3. **MCKESSON** CORPORATION; **MCKESSON** TECHNOLOGIES, INC., Defendants-Appellees.

**Notice:** Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.

## Core Terms

fax, district court, advertisements, knowingly, consumer, summary judgment, treble damages, Hobbs Act, willfully, machine, online

## Opinion

 **[\*1]** U.S. COURT OF APPEALSThis disposition is not appropriate for publication and is not precedent

Appeal from the United States District Court for the Northern District of California

Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted September 11, 2023

San Francisco, California

Before: BOGGS,** S.R. THOMAS, and FORREST, Circuit Judges.

In this purported class action arising under the Telephone Consumer Protection Act of 1991 ("**TCPA**"), as amended by the Junk Fax Prevention Act, **McKesson** Corporation and **McKesson** Technologies, Inc. ("**McKesson**") appeal the district court's grant of summary judgment to True Health Chiropractic, Inc., and McLaughin Chiropractic Associates, Inc., ("Plaintiffs") on **McKesson**'s defenses that Plaintiffs consented to receive **McKesson**'s faxes. On cross-appeal, Plaintiffs challenge the district court's class decertification and denial of treble damages. We have jurisdiction pursuant to *28 U.S.C. § 1291*.

We review de novo the district court's grant of summary judgment to Plaintiffs. *Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1041 (9th Cir.*

 ** The Honorable Danny J. Boggs, United States Circuit Judge for the

 U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

 2

2017). We review the district court's decertification order for abuse of discretion.

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc., 926 F.3d 528, 531 (9th Cir. 2019)*. Because the **[\*2]** *TCPA* makes the awarding of treble damages a discretionary act, we review for abuse of discretion the district court's decision not to award treble damages. *See 47 U.S.C. § 227(b)(3)*; *cf. Cooper Indus., Inc. v.Leatherman Tool Grp., Inc., 532 U.S. 424, 433 (2001)* (explaining that, when no constitutional issues are raised, courts of appeals review punitive-damages

determinations for abuse of discretion).

We affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here.

1. The district court did not err by granting summary judgment to Plaintiffs on **McKesson**'s consent defenses. With some exceptions not relevant here, the **TCPA** forbids sending an advertisement via fax "to any person without that person's prior express invitation or permission, in writing or otherwise." *47 U.S.C. § 227(a)(5)*. Because consent "depends on the transactional context in which it is given," we consider whether, under the "circumstance[s] in which the consumer gave his . . . [fax] number," he understood that, by giving that number, he had agreed to receive related advertisements. *Van Patten, 847 F.3d at 1040*; *see also In re Rules& Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014, 14129 (2003)* ("Express permission to receive a faxed ad requires that the consumer

3

understand that by providing a fax number, he or she is agreeing to receive faxed advertisements.").

Neither the registration **[*3]** form nor the end-user license agreements ("EULAs") established Plaintiffs' consent to receive faxed advertisements. The registration form merely prompted users to provide their address, email, phone number, and fax number. Nothing about the form would suggest to a reasonable consumer that, upon submitting the form, he or she had agreed to receive faxed advertisements.

Under the terms of the EULA, consumers consent only to the transmission *to*

**McKesson** of "certain computer and software usage information." To be sure, the EULA states that **McKesson** collected this information to "assist[] **McKesson** in offering End User other features and services." But this language does not demonstrate that the parties contemplated that "features and services" from **McKesson** would include sending Plaintiffs faxed advertisements. Accordingly, **McKesson** has failed to show that Plaintiffs consented to receive faxed advertisements.

2. The district court did not abuse its discretion in decertifying the proposed class. The court correctly found that it was bound by the Federal Communication Commission's *Amerifactors* declaratory ruling, which determined that the **TCPA** does not apply to faxes received through an online **[*4]** fax service. *See Inre Amerifactors Fin. Grp., LLC Pet. for Expedited Declaratory Ruling*, 34 FCC Rcd.

4

11950, 11950-51 (2019). Under the Hobbs Act, federal courts of appeals have "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all final orders of the Federal Communication Commission made reviewable" by *47 U.S.C. § 402(a)*. *28 U.S.C. § 2342(1)*. Section 402(a) encompasses "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under [the Communications Act of 1934, as amended by the Telecommunications Act of 1996]," except in limited circumstances not relevant here.

Plaintiffs argue that *Amerifactors* is neither an order of the Commission, nor final. We disagree.

First, it does not matter that *Amerifactors* was issued by the Commission's Consumer and Governmental Affairs Bureau, rather than the full Commission. Congress authorized the Commission to "delegate any of its functions." *47 U.S.C. § 155(c)(1)*. Pursuant to this authorization, the Commission has delegated to the Bureau the authority to issue declaratory rulings in "matters pertaining to consumers and governmental affairs." *47 C.F.R. § 0.141*; *see also id.* §§ 0.204, 0.361, 1.2. Orders issued on delegated authority "have the same force and effect" as orders of the full Commission. *47 U.S.C. § 155(c)(3)*. *Amerifactors* is one such order. *See* 34 FCC Rcd. at 11954.

Second, *Amerifactors* is a "final order" under the Hobbs Act. Orders **[*5]** of the

5

Commission are final for the purposes of the Hobbs Act "if they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." *US W. Commc'ns Inc. v. Hamilton, 224 F.3d 1049, 1054 (9th Cir. 2000)* (quoting *Sierra Club v. U.S. Nuclear Regul. Comm'n, 862 F.2d 222, 225 (9th Cir. 1988)*). *Amerifactors* is a product of the Commission's administrative process. The Commission, through the Bureau, received a petition for a declaratory ruling, sought public comment, and issued *Amerifactors* through its general rulemaking authority to carry out the TCPA. *See 34 FCC Rcd. at 11950-51,*

*11954*. And the ruling fixes a legal relationship by clarifying that an online fax service is not a "telephone facsimile machine" and "thus falls outside the scope of the [TCPA's] statutory prohibition." *Id.* at 11951. Thus, *Amerifactors* is final for purposes of the Hobbs Act.1

As a final order of the Commission made reviewable by Section 402(a),

*Amerifactors* is subject to judicial review as provided by the Hobbs Act. That is, it is reviewable only by the federal courts of appeals. Further, *Amerifactors* applies retroactively to the faxes at issue here. *See Reyes v. Garland, 11 F.4th 985, 991 (9th Cir. 2021)* (explaining that "when an agency's adjudicatory decisions apply

1 That there is a pending application for review of *Amerifactors* by the full Commission does not change this analysis. Orders issued **[*6]** on delegated authority are "effective upon release." *47 C.F.R. § 1.102(b)(1)*. Unless the full Commission issues a stay pending review, *Amerifactors* remains in effect. *See id.*

§§ 1.102(b)(2), 1.115(h)(2).

6

preexisting rules to new factual circumstances," its "determinations apply retroactively"); *see also 5 U.S.C. § 554(e)* (characterizing declaratory rulings as adjudications); *47 C.F.R. § 1.2(a)*. As a result, *Amerifactors* is binding on the district court. *See Wilson v. A.H. Belo Corp., 87 F.3d 393, 400 (9th Cir. 1996)*.

The district court was bound by *Amerifactors* to grant summary judgment to **McKesson** on any class claims for faxes received through an online fax service.

*Amerifactors* makes clear that the **TCPA** does not apply to such faxes. *34 FCC Rcd. at 11950-51*. But in a decision that Plaintiffs do not challenge on appeal, the district court found that Plaintiffs had no viable methodology for distinguishing class members who had received faxes on a stand-alone fax machine and those who had received them through an online fax service. This meant that Plaintiffs could not prevail on their class claims unless the district court disagreed with *Amerifactors*- a step that would violate *28 U.S.C. § 2342*. *See Wilson, 87 F.3d at 400*. Accordingly, the district court did not abuse its discretion by dividing the class and decertifying the Stand-Alone Fax Machine class. Nor did it err by granting summary **[*7]** judgment sua sponte to **McKesson** on the Online Fax Services class, leaving only Plaintiffs' individual claims for which

they could show that they received an unsolicited faxed advertisement on a stand-alone fax machine.

3. The district court did not abuse its discretion by denying treble damages to Plaintiffs on their remaining individual claims. A court may award treble damages

7

if it finds that a defendant "willfully or knowingly" violated the **TCPA**. *47 U.S.C. § 227(b)(3)*. We agree with the Eleventh Circuit that this standard requires more than merely intentional or volitional action. *See Lary v. Trinity Physician Fin. & Ins.Servs., 780 F.3d 1101, 1107 (11th Cir. 2015)*. In other contexts, we have construed "willfully" as requiring awareness than an action constitutes a legal violation and "knowingly" as requiring awareness of the facts that constitute a legal violation. *See,e.g., United States v. Singh, 979 F.3d 697, 727 (9th Cir. 2020)* (discussing "willfully" and "knowingly" under criminal law); *Peer Int'l Corp. v. Pausa Recs., Inc., 909 F.2d 1332, 1335 n.3 (9th Cir. 1990)* (construing "willful" under the Copyright Act). In the context of the Fair Credit Reporting Act, the Supreme Court has held that a willful violation includes "not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007)*. Conduct is reckless if it "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the **[*8]** law substantially greater than the risk associated with a reading that was merely careless." *Id. at 69*.

Applying this standard here, **McKesson** did not willfully or knowingly violate the **TCPA**. Although the Commission in 2008 cited **McKesson** for sending "one or more unsolicited advertisements to telephone facsimile machines in violation of Section 227(b)(1)(C) of the [**TCPA**]," it did not explain which of **McKesson**'s faxes violated the **TCPA** or why. This warning does not establish that, when it sent the

8

faxes to Plaintiffs, **McKesson** knowingly violated the **TCPA** or ran a risk of violating the **TCPA** that was substantially greater than the risk associated with a "merely careless" reading of the **TCPA**. Thus, the district court did not abuse its discretion in concluding that **McKesson** did not willfully or knowingly violate the **TCPA**.

**AFFIRMED.**

9

---

**End of Document**