UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JAMES HULCE on behalf of himself and others
similarly situated,

      Plaintiff,                               Case No.: 2020-CV-775

v.

LUSTRE-CAL CORPORATION,

      Defendant.

## DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Lustre-Cal Corporation ("Defendant"), through its undersigned counsel, provides notice of *Career Counseling, Inc. v. AmeriFactors Fin. Grp., LLC*, 2024 U.S. App. LEXIS 1395 (4th Cir. Jan. 22, 2024) (attached hereto as Exhibit A) as supplemental authority in further support of its pending motion to dismiss Plaintiff James Hulce's Class Action Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 12); its briefs regarding *Amerifactors* and *Ryerson* (ECF Nos. 27 and 31); and its supplemental brief regarding the nature and function of Plaintiff's fax system (ECF No. 45).

The Fourth Circuit in *Career Counseling, Inc.* affirmed the District Court's denial of class certification because the Court "would be left to make [] individualized inquir[ies] as to whether each recipient" received the fax at issue on a "stand-alone fax machine." *Career Counseling, Inc.*, 2024 U.S. App. LEXIS 1395, *18. *Career Counseling, Inc.* held aside from whether the court provides the Federal Communications Commission's ruling in *Amerifactors* with deference under the Hobbs Act or *Chevron*, the Telephone Consumer Protection Act ("TCPA") applies only to facsimiles which have been received on a "stand-alone fax machine" pursuant to the plain language

of the Act. *Id*. at 10-11. "[A] stand-alone fax machine is the quintessential 'equipment which has the capacity . . . to transcribe text or images (or both) from an **<u>electronic signal received over a regular telephone line</u> <u>onto paper</u>**,' *see* 47 U.S.C. § 227(a)(3)(B)." *Id*. at 13 (emphasis added).

It is undisputed in this case that Plaintiff received the fax at issue via a digital signal sent over the internet—not over a "regular telephone line." ECF No. 45 at 4-5. In fact, Plaintiff admitted he did not have an active, operable "regular telephone line" in service when he alleges he received the fax at issue. *Id*. Accordingly, Plaintiff did not receive the fax at issue on a "stand-alone fax machine" so the TCPA does not apply.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Joseph D. Kern*
David M. Schultz
John P. Ryan
Joseph D. Kern
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
dschultz@hinshawlaw.com
jryan@hinshawlaw.com
jkern@hinshawlaw.com

# CERTIFICATE OF SERVICE

      I, Joseph D. Kern, an attorney, certify that on February 20, 2024, I caused to be served a copy of the foregoing on the below individuals by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

- ☒ ECF
- ☐ Facsimile
- ☐ UPS
- ☐ U.S. Mail
- ☐ E-Mail
- ☐ Messenger Delivery

To:    Anthony I. Paronich
        anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, Massachusetts 02043

        Avi R. Kaufman
        kaufman@kaufmanpa.com
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127

                    */s/ Joseph D. Kern*
                    Joseph D. Kern

3

Case 2:20-cv-00775-PP   Filed 02/20/24   Page 3 of 3   Document 48